# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Respondent,<br><br>v.<br><br>LUCIO CRUZ-SANCHEZ,<br><br>Defendant-Petitioner. | CASE NO. 1:14-CR-00179-LJO-SKO-1<br><br><br>MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S MOTION TO REDUCE SENTENCE UNDER U.S.S.G. AMENDMENT 782<br><br>ECF No. 71 |

Before the Court is Petitioner Lucio Cruz-Sanchez's *pro se* motion to reduce his sentence pursuant to U.S.S.G. §1B1.10(b)(1) and Amendment 782 ("the Amendment") to the United States Sentencing Guidelines,[1] which revised the Drug Quantity Table in § 2D1.1 and reduced by two levels the offense level applicable to many drug trafficking offenses. *See* ECF No. 71. The Government opposes this motion on the basis that Petitioner has already benefited from the application of Amendment 7820. *See* ECF No. 73. The Federal Defender's Office has filed a notice declining to supplement Petitioner's motion for a sentence reduction. ECF No. 76. Upon review of the parties' briefing, the record in the case including the Probation Office's Presentence Report ("PSR"), and the relevant law, the Court will deny Petitioner's motion for a sentence reduction.

---

[1] Hereinafter, all references to sections (§) refer to the United States Sentencing Commission, *Guidelines Manual* ("the Guidelines") unless otherwise indicated.

## I. BACKGROUND

On May 26, 2015, Petitioner pleaded guilty as charged in a one-count Superseding Information; which charged him with Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine and Cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1). PSR ¶ 1; ECF Nos. 42 & 43.

According to the PSR, Petitioner was responsible for transporting 19.58 kilograms of actual methamphetamine and 993.9 grams of cocaine. PSR ¶ 16. Pursuant to §2D1.1(c)(1), Petitioner's base offense level was 38[2], *see id.* at ¶ 15-16, the offense level was increased by two because of Petitioner possessed a firearm, *see id.* at ¶ 17, and his criminal history was category III (based on 6 criminal history points). *See id.* at ¶¶ 32-25. Petitioner's acceptance of responsibility warranted a three-level reduction pursuant to §§ 3E1.1(a) and (b), for an adjusted total offense level of 37. *See id.* at ¶¶ 23-24. The Guidelines range for a defendant with an offense level of 37 and a criminal history category III is 262 to 327 months of imprisonment. *See* U.S.S.G. Ch. 5, Pt. A. However, because the statutorily authorized maximum sentence of 20 years is less than the minimum of the applicable Guideline range, the Guidelines term of imprisonment is 240 months. *See* § 5G1.1(a). Therefore, the PSR recommended imposing a sentence of 240 months. *See* PSR at 14-15.

Petitioner's Sentencing Memorandum, filed shortly after the PSR was docketed, argued that the Court should impose a 108-month sentence rather than the 240-month sentence recommended by the PSR. ECF No. 54. The Memorandum noted that pursuant to Petitioner's plea agreement, the Government was obligated to recommend a 108-month sentence due to the "unique factors" in Petitioner's case with regard to his role in the offense, Petitioner's willingness to cooperate with the authorities, and Petitioner's waiver of certain appellate issues presented by the facts of his case with regard to "[s]ignificant constitutional issues [relevant] to the legality of the detention and warrantless search of [Petitioner's co-defendant]'s car after a prolonged detention, seizure of [Petitioner] and the contraband." *Id.* at 2-4.

---

[2] Because Petitioner's case involved two different controlled substances, his base offense level was calculated pursuant to Application Note 8(B) under § 2D1.1 (which states that different controlled substances should be converted to their marijuana equivalents and added together to formulate a combined offense level). PSR ¶ 16. The marijuana equivalent of 19.58 kilograms of methamphetamine and 993.9 grams of cocaine equals 391,798.78 kilograms, which corresponds to an offense level of 38. *See id.*; § 2D1.1(c)(1).

On August 17, 2015, this Court sentenced Petitioner to a term of 108 months of imprisonment. *See* ECF Nos. 61 & 64.

## II.     LEGAL STANDARD

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)). However, a federal sentencing court is authorized to modify an imposed sentence when the relevant sentencing range was lowered subsequent to a defendant's original sentence. *See* 18 U.S.C. § 3582(c)(2) ("§ 3582"). Effective November 1, 2014, the Commission promulgated Amendment 782, which generally revised the Drug Quantity Table and chemical quantity tables across drug and chemical types. Amendment 782 is retroactively applicable to previously sentenced defendants. *See United States v. Navarro*, 800 F.3d 1104, 1107 (9th Cir. 2015).

Determining whether a sentence reduction is appropriate under § 3582(c)(2) "requires a two-step inquiry." *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013). At step one, "a district court must determine whether a prisoner is eligible for a sentence modification under the Commission's policy statement in U.S.S.G. § 1B1.10." *Id.* That policy statement enumerates a list of amendments to the Guidelines which have lowered the sentencing ranges for certain offenses. *See* U.S.S.G. § 1B1.10(d). In the event that one of the enumerated amendments has lowered a guideline range applicable to a defendant, the district court "shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) … had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1).

If the answer to step one is that a petitioner is eligible for a reduced sentence, the district court turns to step two of the inquiry, where the court "must consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Dunn*, 728 F.3d at 1155 (internal citations omitted). The § 3553(a) factors include: "the nature and circumstances of the offense and the history and characteristics of the defendant; the purposes of sentencing; the kinds of sentences available; the sentences and ranges established by the Guidelines; relevant policy statements issued by the Sentencing Commission; the need to avoid

3

unwarranted sentencing disparities among similarly situated defendants; and the need to provide restitution to victims." *Id.* at 1158 (internal citations omitted).

**III.   DISCUSSION**

Petitioner requests a reduction in his sentence under Amendment 782. *See* ECF No. 71. The initial inquiry of whether a petitioner is eligible for sentence reduction is informed by the Sentencing Commission's constraints on the Court's authority to modify a sentence. *Dillon*, 560 U.S. at 825-26. Indeed, § 3582 permits reduction of a sentence by the Court only where "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Pursuant to § 1131.10(a)(2)(13), "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if … an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." § 1B1.10 (a)(2)(B).

Here, Amendment 782 has no effect on Petitioner's sentence. Because Petitioner's offense involved the equivalent of 90,000 kg or more of marijuana, Amendment 782 did not lower the base offense level in his case. *See* Amendment 782; § 2D1.1(c)(1). Moreover, the 108-month sentence imposed by this Court on August 17, 2015, is already significantly below the Guidelines range for a defendant with an offense level of 37 and Criminal History Category of III. *See* U.S.S.G. Ch. 5, Pt. A. Therefore, because Petitioner's sentence was not based on a sentencing range that has subsequently been lowered by the Sentencing Commission, pursuant to § 1B1.10 (a)(2)(B), this Court does not have the authority to modify Petitioner's sentence. *See, e.g., United States v. Davis*, 739 F.3d 1222, 1224 (9th Cir. 2014) (affirming denial of § 3582(c)(2) motion where defendant previously received a sentence below the amended Guidelines range); *United States v. Leniear,* 574 F.3d 668, 673-74 (9th Cir. 2009) (the final sentencing range was unchanged due to the operation of the grouping rules); *see also Dillon*, 560 U.S. at 825-26.

For these reasons, the Court concludes that the answer at step one is that Petitioner is not eligible for a sentence reduction. *See Davis*, 739 F.3d at 1224. To the extent that he asks the Court to reduce his sentence based on the § 3553(a) factors, the Court declines. When the answer at step-one is that a petitioner is ineligible, the Court does not proceed to step two. *See* § 1B1.10; *Dunn*,

4

728 F.3d at 1155. Petitioner's motion for a sentence reduction pursuant to § 3582 is therefore DENIED.

## IV. CONCLUSION AND ORDER

The Court concludes that Petitioner has no basis for seeking a sentence reduction under § 3582. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Lucio Cruz-Sanchez's motion to reduce his sentence (ECF No. 71) is **DENIED**, pursuant to 18 U.S.C. § 3582(c)(2). The Clerk of Court is **DIRECTED** to **TERMINATE** Petitioner and **CLOSE THE CASE**.

IT IS SO ORDERED.

Dated:   **August 31, 2016**          /s/ Lawrence J. O'Neill
                                                   UNITED STATES CHIEF DISTRICT JUDGE