UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff-Respondent,<br><br>v.<br><br>LUCIO CRUZ SANCHEZ,<br><br>    Defendant-Petitioner. | Case No. 1:14-cr-179 LJO-SKO-1<br><br>**ORDER GRANTING GOVERNMENT'S MOTION FOR AN ORDER FINDING A PARTIAL WAIVER OF THE ATTORNEY-CLIENT AND WORK PRODUCT PRIVILEGES AND GRANTING GOVERNMENT'S REQUEST FOR AN EXTENSION OF TIME**<br><br>ECF No. 84 |

Good cause appearing, IN THE ALTERNATIVE, the Government's motion for partial waiver of Petitioner Lucio Cruz-Sanchez ("Petitioner")'s attorney-client privilege and the work product privilege, and for the compelled discovery of responsive attorney-client communications and work product is **GRANTED**. *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003) ("It has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer."). The Government's motion is **GRANTED** as follows:

(1) The attorney-client privilege of Petitioner is **WAIVED** with respect to all communications between Petitioner and his former attorney, Phillip Cherney, as well as between Petitioner and Mr. Cherney's interpreter/private investigator, Deborah Cordiss-

1

Weaver, concerning events and facts related to Petitioner's claims of ineffective assistance of counsel in petitioner's § 2255 motion in *United States v. Lucio Cruz-Sanchez*, No. 1:14-cr-00179 LJO (E.D. Cal.).

(2) The work product privilege is **WAIVED** with respect to the work product of attorney Phillip Cherney and the work product of interpreter/private investigator Deborah Cordiss-Weaver concerning events and facts related to Petitioner's claims of ineffective assistance of counsel in his § 2255 motion.

(3) Attorney Phillip Cherney **SHALL DISCLOSE** to the Government all communications between Petitioner and Phillip Cherney concerning events and facts related to Petitioner's claims of ineffective assistance of counsel in his § 2255 motion.

(4) Interpreter/private investigator Deborah Cordiss-Weaver **SHALL DISCLOSE** to the Government all communications between Petitioner and interpreter/private investigator Deborah Cordiss-Weaver concerning events and facts related to Petitioner's claims of ineffective assistance of counsel in his § 2255 motion.

(5) Attorney Phillip Cherney **SHALL PROVIDE** the Government with a sworn declaration addressing the communications with Petitioner and work product concerning events and facts related to the ineffective assistance of counsel claims presented in Petitioner's § 2255 motion, and **SHALL COMMUNICATE AND COORDINATE** with Government counsel to ensure that all issues are adequately addressed in the declaration.

(6) Interpreter/private investigator Deborah Cordiss-Weaver **SHALL PROVIDE** the Government with a sworn declaration addressing the communications with Petitioner and work product concerning events and facts related to the ineffective assistance of counsel claims presented in Petitioner's § 2255 motion, and **SHALL COMMUNICATE AND COORDINATE** with Government counsel to ensure that all issues are adequately addressed in the declaration.

ALTERNATIVELY, the Court orders that if the finding of waiver changes Petitioner's decision on whether or not to proceed with his § 2255 motion, Petitioner **MUST NOTIFY this Court within fourteen (14) days** from the date this Order is served on him by withdrawing his allegations concerning ineffective assistance of counsel in his motion. Petitioner's failure to so notify the Court will be deemed as confirming the alternative portion of this Order finding waiver of his attorney-client privilege and work-product privilege.

FURTHERMORE, good cause appearing, the Government's motion for an extension of time, to **July 27, 2017**, to file its response to Petitioner's § 2255 motion is **GRANTED**. Should Petitioner still wish to reply to the Government's response to his § 2255 motion, he must now do so by no later than **August 31, 2017**.

IT IS SO ORDERED.

Dated: **April 25, 2017**  /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE