# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | 1:14-cr-00179-LJO-SKO |
| Plaintiff-Respondent, | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE (ECF No. 69)** |
| v. | |
| **LUCIO CRUZ-SANCHEZ,** | |
| Defendant-Petitioner. | |

## I. INTRODUCTION

Lucio Cruz-Sanchez ("Petitioner"), a pro se prisoner in federal custody, brings the instant motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. For the reasons discussed below, Petitioner's motion is DENIED.

## II. BACKGROUND

On August 21, 2014, Petitioner was indicted with one count of conspiracy to distribute and possess with the intent to distribute methamphetamine and cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1), and one count of possession with the intent to distribute methamphetamine and cocaine in violation of 21 U.S.C. § 841(a)(1). ECF No. 1. On May 21, 2015, with advice of defense counsel Phillip Cherney, Petitioner signed and filed a plea agreement with the Government, wherein he agreed to plead guilty to one count of conspiracy to distribute and possess with the intent to distribute methamphetamine and cocaine as described in the Government's superseding indictment. ECF No. 40 at 2. Petitioner waived his right to trial as well as to appeal and other post-conviction remedies. *Id.* at 3-5, 9. The

1

government agreed to recommend that Petitioner receive a 108-month sentence, on a maximum sentence of 20 years. *Id.* at 6-7. The government also agreed not to file a supplemental information under 21 U.S.C. § 851 alleging Petitioner's prior felony drug conviction, the result of which would have been to increase the maximum sentence from 20 to 40 years. *Id.* at 7.

In the plea agreement, Petitioner agreed that his guilty plea would be based upon the following facts:

> From on or about August 1, 2014, to August 7, 2014, defendant conspired with at least one other person to obtain and transport methamphetamine and cocaine, and to redistribute that methamphetamine and cocaine in Oregon and elsewhere. In furtherance of this conspiracy, on August 7, 2014, in Kern County, defendant possessed with the intent to distribute approximately 19.62 kilograms of 99.8% pure methamphetamine (19.58 kilograms of actual methamphetamine) and approximately 993 grams of a mixture or substance containing a detectable amount of cocaine in the trunk of defendant's wife's vehicle.
>
> At all relevant times, defendant, and the other members of the conspiracy all knew that they were possessing and distributing methamphetamine and cocaine, and that they intended to distribute that methamphetamine and cocaine to other individuals, and that methamphetamine and cocaine are each a prohibited drug.

*Id.* at 8. Petitioner signed the plea agreement, specifically stating that he knowingly, voluntarily, and intelligently agreed with to the plea, and that he was "fully satisfied with the representation of [his] attorney in this case." *Id*. at 12. Defense counsel Mr. Cherney, also signed the plea agreement, certifying that he "read the plea agreement and have discussed it fully with [his] client. . . . I concur in my client's decision to plead guilty as set forth in this plea agreement." *Id*. The court certified interpreter. Ms. Cordis-Weaver, also signed the plea agreement, declaring that she "read the entire contents of the foregoing plea agreement to [Petitioner], translating the document from English to Spanish." *Id*. at 13.

At sentencing on August 17, 2015, the Court found that the applicable offense level was 37 and defendant's criminal history category was three, for a resulting range of 262-327 months. ECF No. 83 at 4:4-7. The Court also acknowledged the plea agreement and, specifically, the defendant's appellate waiver in that agreement. *Id*. at 4:8-13. The Court highlighted the significance of the appellate waiver,

2

stating, "I'm also aware that there was an agreement, a plea agreement here. And we have issues of a waiver of appellate review on things that may or may not be viable as a consideration for the agreement itself." *Id*. at 4:8-11. The Court sentenced defendant to 108 months imprisonment. *Id*. at 6:2-5.

On May 19, 2016, Petitioner filed the instant motion to "vacate, set aside and/or correct sentence, judgment conviction, plea & plea agreement pursuant to 28 U.S.C. § 2255." ECF No. 69 at 1. Specifically, Petitioner's motion contends: (1) that Petitioner was denied effective assistance of counsel because his attorney, Mr. Cherney, "made [Petitioner] sign a plea agreement with a waiver of my appeal rights and other forms of post-conviction relief . . . and if [he] had appealed, the outcome of [his] sentence could have been different;" (2) that Petitioner was denied effective assistance of counsel because his attorney did not request the "Fast Track Program for Deportable Aliens;" and (3) that Petitioner did not understand the proceedings because of his limited knowledge of English and because of "poor legal advice." *Id*. at 5.

In its opposition to Petitioner's § 2255 motion, filed on July 26, 2016, the Government argues that the record refutes Petitioner's allegations and that all of Petitioner's claims should be dismissed because defense counsel was not ineffective, Petitioner waived his right to bring a post-conviction collateral attack on his conviction and sentence, and Petitioner has procedurally defaulted on his § 2255 claims. ECF No. 92 at 9, 15, 17.

### III. STANDARD OF REVIEW

A federal prisoner making a collateral attack against the validity of his or her conviction or sentence must do so by way of a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255, filed in the court which imposed sentence. *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988). Under § 2255, the federal sentencing court may grant relief if it concludes that a prisoner in custody was sentenced in violation of the Constitution or laws of the United States. *United States v. Barron*, 172 F.3d 1153, 1157 (9th Cir. 1999). To warrant relief, a movant must demonstrate the existence of an error of constitutional magnitude that had a substantial and injurious effect or influence

on the guilty plea or the jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993). Relief is warranted only where a movant has shown "a fundamental defect which inherently results in a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346 (1974).

"Where a section 2255 motion is based on alleged occurrences outside the record, no hearing is required if the allegations, viewed against the record, either fail to state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal." *Shah v. United States*, 878 F.2d 1156, 1158 (9th Cir. 1989) (internal citations and quotations omitted). While a hearing may be required "[w]here section 2255 motions have been based on alleged occurrences outside the record," no hearing is required if "the issue of credibility can be conclusively decided on the basis of documentary testimony and evidence in the record." *Id.* Ultimately, "[s]ection 2255 requires only that the district court give a claim 'careful consideration and plenary processing, including full opportunity for presentation of the relevant facts.'" *Id.* (quoting *Watts v. United States*, 841 F.3d 275, 277 (9th Cir. 1988)).

## IV. ANALYSIS

### A. Ineffective Assistance of Counsel

Petitioner claims that his attorney "made me sign a plea agreement with a waiver of my appeal rights and other forms of post-conviction relief [and] … if had appealed, the outcome of my sentence could have been different." ECF No. 69 at 5. In addition, Petitioner claims that he "could have qualified for other benefits that could have possibly reduced some time of my sentence, such as the Fast Track Program for Deportable Aliens, but my lawyer did not even request it." *Id*.

The Sixth Amendment guarantees "the right to effective assistance of counsel." *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). A claim alleging ineffective assistance of counsel is not precluded by a waiver of appellate rights where the waiver itself is invalid. *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993). Ineffective assistance of counsel claims are analyzed under the framework set out by the Supreme Court in *Strickland v. Washington*. 466 U.S. 668 (1984); *Ross v.*

*Stewart*, 32 F. App'x 227, 228-29 (9th Cir. 2002). In *Strickland,* the Supreme Court held that there are two components to an ineffective assistance of counsel claim: "deficient performance" and "prejudice." 466 U.S. at 694. Establishing "deficient performance" requires the movant to show that counsel made errors so serious that she was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Id.* at 687. "Deficient performance" means representation that "fell below an objective standard of reasonableness." *Stanley v. Cullen,* 633 F.3d 852, 862 (9th Cir. 2011) (citing *Strickland,* 466 U.S. at 688). To demonstrate prejudice, the movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. "It is not enough 'to show that the errors had some conceivable effect on the outcome of the proceeding.'" *Harrington v. Richter,* 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 693). A court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the movant as a result of the alleged deficiencies. *Strickland,* 466 U.S. at 697.

The Supreme Court has held that "the two-part *Strickland* test applies to challenges to guilty pleas based on ineffective assistance of counsel." *Hill v. Lockhart,* 474 U.S. 52, 58 (1985). In the context of guilty pleas, the first prong of the *Strickland* test echoes the standard of attorney competence set forth *McMann. Id.* at 58–59. "Where . . . a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" *Id*. at 56 (quoting *McMann*, 397 U.S. at 771). "The second, or 'prejudice,' requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Id.* at 59. "In other words, in order to satisfy the 'prejudice' requirement, the Petitioner must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59.

1. **<u>Alleged Coercion</u>**

Petitioner claims that he was coerced into signing his plea agreement with a waiver, and that if

5

had not waived his right to appeal, "the outcome of his sentence could have been different." ECF No. 69 at 5. There is a "strong presumption" of truthfulness afforded to "solemn declarations made in open court." *Chizen v. Hunter*, 809 F.2d 560, 562 (9th Cir. 1986). The only evidence that Petitioner brings as to his attorney's alleged coercion is his own self-serving statement in his § 2255 motion. *Id*. Petitioner does not explain how or why he was coerced, or in what manner his counsel failed to effectively assist Petitioner in entering his plea. He merely offers the conclusory statement that "[his attorney] made [Petitioner] sign a plea agreement with a waiver of [his] appeal rights and other forms of post-conviction relief." ECF No. 69 at 5.

There is a significant amount of evidence in the record that Petitioner entered his plea and waived his appellate rights knowingly and willingly, and not as a result of coercion. At his change of plea colloquy, Petitioner affirmed specifically that he had reviewed "the entire document" and gone over it with his lawyer, and that he had no more questions on it. ECF No. 82 at 5:3-6, 7:10-11. In addition, the Court specifically asked Petitioner if he had "any problem at all with the interpreter, Spanish-to-English, English-to-Spanish?" *Id.* at 5:10-13. When asked by the Court if he understood that he would be giving up his right to appeal, Petitioner indicated that he did. *Id*. at 6:20-22. Petitioner also confirmed that he was not forced, that no one threatened him to get him to change his plea, and that no one was promising anything other than what was in the plea agreement. *Id.* at 8:14-18. When asked a final time by the Court if he had "any questions at all of any nature or sort" Petitioner answered in the negative and proceeded to plead guilty. *Id.* at 8:24-9:22.

Petitioner's attorney, in his declaration, indicated that he met with the Petitioner on at least 12 occasions. ECF No. 91 ¶¶ 5, 7. Each time he met with Petitioner, he communicated with him through a licensed bi-lingual Spanish to English interpreter. *Id*. ¶¶ 5, 18. Petitioner's attorney stated that he did not notice, and Petitioner did not express, any indication that Petitioner did not understand the court proceedings because of a language barrier. *Id*. Petitioner's attorney also stated that he specifically explained to Petitioner that the plea agreement contained a waiver of appeal rights and that Petitioner

6

would face a "relatively low probability of success on appeal" if he were to be convicted. *Id.* ¶ 11. Petitioner signed the plea agreement, which stated in part:

> I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the sentencing Guidelines that may apply to my case.

ECF 40 at 12. Petitioner acknowledged his signature on the plea agreement in court. ECF No. 82 at 4:22-5:2.

In light of the substantial record on this issue, the Court finds Petitioner's unsupported claim that he was coerced into signing the plea agreement, and that the coercion was somehow caused by ineffective assistance of counsel to be without merit. *See Doe v. Woodford*, 508 F.3d 563, 572 (9th Cir. 2007) ("We have no doubt that the decision to plead guilty is a difficult one for many Petitioners, but the fact that one struggles with the decision, and might later even come to regret it, does not render it coerced."). Petitioner's arguments may also be construed as claiming that his counsel did not notify him that he was be waiving his appeal rights. Petitioner's motion fails under this construction as well, for same reasons. The record contains ample evidence that Petitioner was repeatedly informed that his plea agreement contained an appellate right waiver, that the waiver was explained by his counsel, and that Petitioner had no issues understanding the waiver at the time of the plea colloquy and sentencing. As the Court finds that Petitioner's motion can be conclusively decided on the record alone, no hearing is required on this matter. *Shah*, 878 F.2d at 1159. Therefore, Petitioner fails to meet the *Strickland* standard and his § 2255 motion, premised on a theory that his attorney coerced him into taking the plea deal, fails.

### 2. **Failure to Secure a Fast-Track Plea**

Petitioner alleges that his attorney did not request that he be given a fast-track plea, and thus, his attorney failed to take a course of action that "could have possibly reduced some time of [his] sentence." ECF No. 69 at 5. The fast-track program allows federal prosecutors to offer shorter sentences to

defendants who plead guilty at an early stage in the prosecution and agree to waive appeal and other rights. *United States v. Marcial-Santiago*, 447 F.3d 715, 718 (9th Cir. 2006). The United States Sentencing Guidelines advise that "upon a motion of the Government, the Court may depart downward not more than 4 levels pursuant to an early disposition program authorized the by Attorney General of the United States and the United States Attorney for the district in which the court resides." U.S.S.G. § 5K3.1. According to the Government, the fast-track program was not available in the Eastern District of California for drug trafficking offenses at the time of defendant's arrest, entry of his guilty plea, and sentencing hearing, nor has it become available since that time. ECF No. 92 at 29 ¶ 4. Even if the program had been available in this district, it is not clear that Petitioner would have been eligible for the program. *See* ECF No. 92 at 21 (arguing fast-track program is meant for those defendants entering guilty pleas early, and Petitioner did not enter his plea until nine months after his arrest). Petitioner's counsel stated that, in his experience, the fast track program was not available in the Eastern District of California for individuals charged with offenses like Petitioner's. ECF No. 91 ¶ 13. Based on the record, Petitioner's counsel made a reasonable decision based on his experience and professional judgment not to pursue a sentencing program that he knew to be unavailable. Also, the Court was not obligated to (and arguably could not) consider any sentences that resulted from drug fast-track programs in other districts when sentencing Petitioner. Consequently, Petitioner has not shown that his attorney was incompetent in not securing a fast-track plea agreement or that actual prejudice resulted.

Petitioner therefore has not shown either *Strickland* element and his § 2255 motion fails to the extent it is premised on a theory of his attorney's failure to secure a fast track plea. Because the record conclusively show that the petitioner is entitled to no relief, no hearing is required on this matter. *Shah*, 878 F.2d at 1159.

**B.**     **Validity of the Plea**

Petitioner also alleges that, because of his limited knowledge of English and the law, he did not fully understand the proceedings surrounding his plea and sentencing. ECF No. 69 at 5. While Petitioner

does not explicitly say so, it is apparent that he is challenging whether his guilty plea was knowing and voluntary. The Government argues that Petitioner's plea agreement includes a waiver of his right to appeal his sentence and to file post-conviction proceedings, including relief under § 2255, and that this waiver bars the instant motion. ECF No. 40 at 5; ECF No. 92 at 21.[1]

A plea agreement is a contract and subject to contract law standards. *United States v. Trapp*, 257 F.3d 1053, 1056 (9th Cir. 2001). In a plea agreement, a petitioner may expressly waive his right to file a motion for relief under § 2255. *United States v. Nunez*, 223 F.3d 956, 959 (9th Cir. 2000); *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994). The right to collaterally attack a judgment of conviction pursuant to § 2255 is statutory, and a knowing and voluntary waiver of a statutory right is enforceable. *Abarca*, 985 F.2d at 1014; *see also United States v. Navarro-Botello*, 912 F.2d 318, 321 (9th Cir. 1990) ("[I]t is not a due process violation for a defendant to waive, in an otherwise valid plea agreement, the statutory right of appeal."). Further, "[a]n unconditional guilty plea waives all non-jurisdictional defenses and cures all antecedent constitutional defects, allowing only an attack on the voluntary and intelligent character of the plea." *United States v. Brizan*, 709 F.3d 864, 866-67 (9th Cir.). An appellate waiver may not be enforced "if the district court failed to comply with Federal Rule of Criminal Procedure 11, the court informed the defendant that she retained the right to appeal, the sentence did not comport with the terms of the plea agreement, or the sentence violated the law." *Id.* at 866 (citing *United States v. Bibler*, 495 F.3d 621, 624 (9th Cir. 2007)).

Here, petitioner expressly waived both his right to appeal and his right to collaterally attack his sentence pursuant to § 2255. ECF No. 40 at 5-6; ECF No. 82 at 6:20-22. As previously discussed, Petitioner provides no evidence apart from his statement that he had any problem understanding the court proceedings. Petitioner's attorney attested that he did not notice any language barrier issue when

---

[1] The Government also argues that Petitioner's claims are procedurally defaulted, as he did not raise them on direct appeal. ECF No. 92 at 23-26. The Court need not reach this argument, as Petitioner's ineffective assistance of counsel claims fail on the merits and Petitioner has not shown that his waiver of appellate rights was invalid.

9

meeting with Petitioner on 12 occasions with the aid of a court interpreter, and Petitioner did not indicate that he did not understand either the plea agreement or the court proceedings. ECF No. 91 ¶¶ 5, 7, 18. When Petitioner appeared at both his plea colloquy and sentencing, he was assisted by a certified Spanish interpreter, and did not indicate at any time that he either did not understand the terms of his plea agreement or wished to withdraw the plea agreement. ECF Nos. 82, 83. Petitioner was also assisted by competent counsel throughout the plea entry and sentencing process. Absent any showing as to why Petitioner's limited understanding of English rendered him unable to understand the plea agreement, and in the face of substantial evidence in the record that Petitioner did understand the terms of his plea agreement, there is no basis on which to find that the waiver of appellate rights was involuntary and invalid. No evidentiary hearing is necessary. The Court therefore find the waiver of appellate rights to be valid, and the instant § 2255 motion is barred.

## V. **CERTIFICATE OF APPEALABILITY**

A petitioner cannot appeal from the denial or dismissal of his § 2255 motion unless he has first obtained a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability will issue only when a Petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard when the Court has dismissed a § 2255 motion (or claims within a § 2255 motion) on procedural grounds, a Petitioner must show that reasonable jurists would find debatable (1) whether the court was correct in its procedural ruling, and (2) whether the motion states a valid claim of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the Court has denied a § 2255 motion or claims within the motion on the merits, a Petitioner must show that reasonable jurists would find the Court's decision on the merits to be debatable or wrong. *Id*. The Court finds that Petitioner has not made any showing, let alone a substantial one, of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Court further finds that reasonable jurists would not find the Court's assessment of Petitioner's claims debatable or wrong. *Slack*, 529 U.S. at 483. Accordingly, the Court declines to issue a certificate of appealability.

# VI. CONCLUSION AND ORDER

For the foregoing reasons, Petitioner's motion to vacate, set aside, or correct sentence is DENIED. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: __August 30, 2018__     _____/s/ Lawrence J. O'Neill_____
                                UNITED STATES CHIEF DISTRICT JUDGE